IN THE UNITED STATES COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ORTA, on behalf of himself and all others similarly situated, | CIVIL ACTION |
| Plaintiff(s), | No. |
| v. | |
| MCCABE, WEISBERG & CONWAY, LLC, | |
| Defendant(s). | |

## NOTICE OF REMOVAL

Defendant, McCabe, Weisberg, & Conway, LLC ("MWC"), by and through its counsel, Swartz Campbell LLC, hereby removes the above-captioned action form the Superior Court of New Jersey, Law Division: Middlesex County in which it is now pending to the United States District Court for the District of New Jersey.

Removal is based on 28 U.S.C. §1331 and 28 U.S.C. §1441. As grounds for removal, MWC states the following:

**A.    Procedural History**

1.     Plaintiff commenced this action on April 26, 2024. *See* Exhibit "1" (complaint); Exhibit "2" docket.

2.     MWC was served on April 29, 2024, but no affidavit of service has been filed on the docket. *See* Exhibit "2" (docket).

**B.    Allegations of the Complaint**

3.     Plaintiff resides in Middlesex County, New Jersey.  Exhibit "1," ¶ 6.

4. Defendant, MWC, is a law firm with a place of business at 216 Haddon Avenue, Suite, 201, Westmont, New Jersey 08108. Exhibit "1," ¶ 8.

5. Plaintiff's complaint contains claims against MWC for violation of the New Jersey Declaratory Judgment Act (count I) and the Fair Debt Collection Practices Act, §§ 1692e, 1692e(2)(A), 1692e(10), 1692g(a)(1) and 1692g(a)(2) (FDCPA) (count II).

6. Plaintiff alleges that MWC engaged in abusive, deceptive, and unfair debt-collection practices in violation of 15 U.S.C. § 1692 *et seq.*, the Fair Dept Collect Practices Act. Exhibit "1," ¶ 1.

7. Plaintiff contends that at a time prior to March 25, 2024, he incurred a financial obligation to Real Time Resolutions, Inc. or a predecessor creditor. Exhibit "1," ¶ 15.

8. Plaintiff contends this financial obligation was then assigned to MWC on March 25, 2024 for the purpose of collections and that the obligation was in default at the time of assignment. Exhibit "1," ¶ 21.

9. Plaintiff further contends MWC sent him a letter dated March 25, 2024, containing a notice of intention to collect on plaintiff's financial obligation. Exhibit "1," ¶ 23.

10. Plaintiff contends the March 25th letter and the "attached statement" thereto provided two separate representations of the sum owed. Exhibit "1," ¶ 30.

11. Plaintiff also contends the March 25th letter provided two separate identities of plaintiff's underlying creditor, Real Time Resolutions, Inc. and RTR Capital, L.P.

12. Plaintiff alleges the "February 14, 2024 [sic] letter frustrated Plaintiff's ability to intelligently choose a response." Exhibit "1,", ¶ 49.

13. Plaintiff alleges MWC's acts and omissions constitute abusive debt-collection practices and lie in violation of the FDCPA. Exhibit "1," ¶ 54.

### C. Class Action Allegations

14. The complaint purports to be brought on behalf of a putative class consisting of:

> All New Jersey consumers who were sent initial letters and/or notices from MWC attempting to collect a debt on behalf of REAL TIME RESOLUTIONS, Inc., RTR CAPITAL, L.P., RTR CAPITAL, LLC or a related entity… which included the alleged conduct and practices described herein.

Exhibit 1, ¶ 12.

15. The putative class is alleged to possibly consists "of hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA." Exhibit "1," ¶ 13.

### D. Federal Question Jurisdiction

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

17. Federal question jurisdiction exists under 28 U.S.C. § 1331 because certain of Orta's claims raise questions of federal law.

18. Specifically, count II of plaintiff's brings claims against MWC under the FDCPA.

19. The FDCPA is federal statute and therefore Count IV raises a federal claim. *See, e.g., Armbruster v. Hecker,* Civ. No. 3:06-cv-1149, 2010 U.S. Dist. LEXIS 39647, at *3 (M.D. Pa. Apr. 22, 2010) ("Because this case arises under the FDCPA, 15 U.S.C. § 1692 et seq., it presents a federal question under 28 U.S.C. § 1331 and gives the court removal jurisdiction pursuant to 28 U.S.C. § 1441(b).").

20. This Court may also exercise supplemental jurisdiction under 28 U.S.C. § 1367 with respect to any of the plaintiff's claims that do not arise under federal law.

    **E.**    **Procedural Requirements and Local Rules**

21. This Court is part of the "district and division" embracing the place where this action was filed – Middlesex County, New Jersey. 28 U.S.C. § 1446(a).

22. MWC were served the complaint on April 26, 2024.

23. This notice of removal is being filed with the United States District Court for the District of New Jersey on May 28, 2024, within 30 days after service of the complaint. *See* 28 U.S.C. § 1446(a).

24. Pursuant to § 1016 of the Judicial Improvements an Access to Justice Act of 1988, no bond is required in connection with this notice of removal.

25. Pursuant to §1016 of the Act, this notice of removal need not be verified.

26. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and this matter may be removed to this Court under 28 U.S.C. § 1441.

WHEREFORE, defendant, McCabe, Weisberg, & Conway, LLC, requests this action be removed from the Superior Court of New Jersey, Law Division: Middlesex County to the United States District Court for the District of New Jersey.

    Respectfully submitted,

    SWARTZ CAMPBELL, LLC

    By: /s/ Caryn J. Steiger
        Candidus K. Dougherty
        Caryn J. Steiger
        2001 Market St. Suite 2815
        Philadelphia, PA 19103
        (215) 564-5790
        cdougherty@swartzcampbell.com
        csteiger@swartzcampbell.com

        *Attorneys for McCabe, Weisberg & Conway, LLC*

Date:  May 28, 2024